UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANNE O'BOYLE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> v.<br><br>CREDIT BUREAU OF NAPA COUNTY, INC. d/b/a CHASE RECEIVABLES,<br><br>    Defendant. | Case No.: 18-cv-1927<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Anne O'Boyle is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family, or household purposes.

5. Defendant Credit Bureau of Napa County, Inc. d/b/a "Chase Receivables" ("Chase Receivables") is a foreign business corporation with its principal place of business located at 165 Passaic Avenue, Suite 200, Fairfield, NJ 07004.

6. Chase Receivables is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Chase Receivables is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

8. Chase Receivables is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

9. On or about October 22, 2018, Chase Receivables mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "MONROE & MAIN – DMS." A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card, used only for personal, family, and household purposes.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, Exhibit A is a form debt collection letter, used by Chase Receivables to attempt to collect alleged debts.

13. Exhibit A states that the "AMOUNT DUE" for Plaintiff's alleged debt is $610.95.

14. Exhibit A also contains the following settlement offers:



2

15. <u>Exhibit A</u> thus includes multiple offers to "resolve [the] overdue account" and "satisfy [the] outstanding debt," including an option to settle in an amount as low as 50% of the balance of Plaintiff's alleged debt.

16. Despite such settlement offers, <u>Exhibit A</u> includes the following remittance slip:



17. Although <u>Exhibit A</u> includes multiple offers to settle the debt for less than the total balance of Plaintiff's alleged debt, the remittance slip lists $610.95, the total balance of Plaintiff's alleged debt, under the phrase: "PAY THIS AMOUNT."

18. The contradictions between the amount demanded by the remittance slip of <u>Exhibit A</u> and the settlement offers included in the body of the letter render such representations false, deceptive, and misleading as to whether Chase Receivables and/or the creditor would actually accept the amounts listed by the various settlement offers as satisfaction of Plaintiff's alleged debt in its entirety.

19. The consequences of misleading a consumer with respect to settling a debt are greater than misleading the consumer about the amount of the debt. A payment of the entire debt would leave pennies or, at most, a few dollars left over for payment later. *See e.g.*, *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

3

20. Whether a payment would actually settle the debt is, by definition, a material term of a settlement offer and must be communicated clearly and effectively. *E.g., Nichols v. Northland Groups, Inc.*, 2006 U.S. Dist. LEXIS 15037, at *19 (N.D. Ill. Mar. 31, 2006) ("Requiring a clear statement of the settlement proposal, including the method by which the settlement amount is calculated, will not interfere with the debt collector's freedom to negotiate."); *Winiecki v. Creditors Interchange Receivable Mgmt., LLC*, 14 F. Supp. 3d 1086, 1093 (N.D. Ill. Jan. 27, 2014) ("It is not enough for a collection letter to state the elements required by the FDCPA; it must state the terms of the settlement offer 'clearly enough that [an unsophisticated consumer] is likely to understand it.") (quoting *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)); *Al v. Van Ru Credit Corp.*, 2018 U.S. Dist. LEXIS 70321, at *7-8 (E.D. Wis. Apr. 26, 2018) (in the context of settlement offers, "ambiguity itself can prove a violation.") (quoting *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686-87 (7th Cir. 2017)); *see also, Smith v. Nat'l Enter. Sys., Inc.*, 2017 U.S. Dist. LEXIS 47701, at *13 (W.D. Okla. Mar. 30, 2017) (collection letter violated the FDCPA because "[a]ny consumer receiving the first letter would be left to wonder about a material term of the offer[.]"); *Dixon v. Law Office of J. Scott Watson P.C.*, 2018 U.S. Dist. LEXIS 18184, at *10-11 (E.D. Penn. Feb. 5, 2018) (settlement offer that specified initial installment amounts but left open the amount of later installments violated the FDCPA).

21. Plaintiff was misled and confused by Exhibit A.

22. The unsophisticated consumer would be misled and confused by Exhibit A.

23. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

*The FDCPA*

24. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in *Pogorzelski*, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a

5

lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

26. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

28. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

6

## COUNT I - FDCPA

29. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. By listing the full balance of Plaintiff's alleged debt under "PAY THIS AMOUNT" on the letter's remittance slip, Exhibit A includes representations which are false, deceptive, and misleading as to whether the settlement offers included in the body of the letter would actually resolve Plaintiff's alleged debt in its entirety.

31. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692f.

## CLASS ALLEGATIONS

32. Plaintiffs brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect an alleged debt incurred for personal, family, or household purposes, (d) between December 6, 2017, and December 6, 2018, inclusive, (e) where neither letter was not returned by the postal service.

33. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the class.

34. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

37. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

38. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: December 6, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com